# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JILL M. BARNETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 13-00375-CV-W-FJG-SSA |
| CAROLYN COLVIN, | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Currently pending before the Court is plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act (Doc. #27). Plaintiff hired Cathleen Shine in June 2006 to represent her on her claim for Social Security Disability benefits. The ALJ found plaintiff was not disabled and the Appeals Council subsequently affirmed this decision. Plaintiff, with the assistance of Ms. Shine, then hired James Green to appeal the ALJ's decision. Mr. Green filed plaintiff's complaint on October 9, 2009 (Case No. 09-0790). On October 20, 2010, the defendant moved to remand the case. The Court granted the motion to remand on November 10, 2010. Mr. Green filed a motion for attorney fees pursuant to the EAJA on November 11, 2010 and on December 16, 2010, the Court granted the motion and awarded Mr. Green a fee in the amount of $5,500.00. The Court also ordered that within thirty days, the Commissioner was to determine whether plaintiff owed a debt to the United States that was subject to offset. Subsequently, Mr. Green received notice that plaintiff had an outstanding student loan debt and the EAJA fee was intercepted to pay this debt. As a result, Mr. Green received no payment.

After the Court remanded plaintiff's case, an additional hearing was held and the ALJ found plaintiff not disabled. The Appeals Council affirmed this decision and plaintiff filed a second case challenging that decision (Case No. 13-375). In this action, plaintiff was once again represented by Cathleen Shine. After briefing, the Court issued an order on June 20, 2014 reversing the decision of the Commissioner and awarding plaintiff benefits from January 28, 2003 through June 7, 2007. On July 25, 2014, Ms. Shine filed a motion for attorney fees. On August 13, 2014, the Court entered an Order granting the motion for attorney fees and awarding plaintiff $7,500.00 in attorney fees.

On November 12, 2014, the Commissioner sent Ms. Shine a letter, indicating that the sum of $10,234.50 had been withheld for legal fees and this sum represented 25% of the back-due benefits. On January 28, 2015, Ms. Shine filed a motion seeking attorney fees under 42 U.S.C. § 406(b). Ms. Shine states that normally upon the award of §406(b) legal fees she would be ordered to refund to the plaintiff the earlier awarded EAJA fee award of $7,500. However, Ms. Shine states that before making any refund to plaintiff, she would request that the Court grant her leave to pay to James Green, the $5,500.00 that he was previously awarded in Case No. 09-7890 and which he did not receive due to plaintiff's pre-existing student loan debt. Ms. Shine states that she would then refund the balance of $2,000 to the plaintiff.

The Government opposes Ms. Shine's request to pay James Green the $5,500 EAJA fee, stating that there is no exception in the statute which would allow for plaintiff's counsel to direct plaintiff's EAJA fee to another attorney. Additionally, the Government notes that the EAJA fee belongs to the plaintiff and not her counsel. Mr. Green filed a reply stating that the contingency fee contract which plaintiff signed with

2

him stated that if she was subsequently awarded benefits after the remand, she will owe Green the difference between the 25% fee and the EAJA fee. Thus, Green argues that plaintiff's contract created a lien on the back benefits which is subject to offset of the EAJA fee award. Thus, Green proposes that the $10,234.50 in fees withheld by the SSA be divided as follows: $5,500 awarded to Green, $2,000 refunded to the plaintiff and $2,734.50 awarded to Cathleen Shine.

On March 4, 2013, plaintiff signed an Employment Contract, agreeing that if she is awarded benefits, then she will owe Cathleen Shine the difference between the 25% of her past due benefits and the EAJA fee. The statute states that a "court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Twenty-five percent of plaintiff's past due benefits amounts to $10,234.50. As noted above, plaintiff's counsel recognizes that if fees are awarded under both, 42 U.S.C. § 406(b) and the EAJA, then the lesser of either the EAJA fees or the fees awarded pursuant to section 406(b) must be refunded to plaintiff. The amount of EAJA fees previously awarded to counsel was $7,500. Defendant indicates that it has no objection to an award of attorney fees to plaintiff's counsel in the amount of $10,234.50, but does object to awarding any fees to plaintiff's previous counsel, Mr. Green.

The Court agrees and finds that there is no statutory authority which would allow Ms. Shine to first pay to Mr. Green his previous $5,500 in EAJA fees, before refunding the remaining balance to the plaintiff. Mr. Green may have other avenues of recourse available to him to collect this fee, but that is not a matter for this Court to resolve.

3

Case 4:13-cv-00375-FJG   Document 33   Filed 04/08/15   Page 3 of 4

Accordingly, it is hereby **ORDERED** that plaintiff's application for attorney fees under Section 406(b) is hereby **GRANTED** (Doc. #27) and counsel Cathleen Shine shall be awarded $10,234.50 in attorney's fees. Ms. Shine is hereby directed to refund to plaintiff, Jill Barnett, the amount of $7,500.00, representing the EAJA fees previously awarded to counsel.

Date: April 8, 2015　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge